UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE L. AKZAM, <br><br> Appellant, <br><br> v. <br><br> U.S. BANK NA, as Trustee, <br><br> Appellee. | No. 2:16-cv-02274-TLN <br><br><br> **ORDER** |

This matter is before the Court on Appellee U.S. Bank NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR4's ("Appellee") Motion to Dismiss Appeal as Moot. (ECF No. 27.) Appellant Dianne L. Akzam ("Appellant") opposes the Motion (ECF No. 29) and Appellee replied. (ECF No. 34.) For the reasons set forth below, Appellee's Motion to Dismiss is GRANTED and the appeal is therefore DISMISSED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2010, Appellant and her brother executed a "Deed Absolute" with the original borrower for the real property located at 802 Ohio Street in Vallejo, California (the "Property"). (ECF No 19-1, Appendix to Appellant's Brief, at 181.) Between 2010 and 2015, Appellant and her brother initiated multiple bankruptcy proceedings. (*Id.* at 42–45.) As is relevant here, on December 11, 2015, Appellant filed for Chapter 13 bankruptcy protection in the Eastern District

of California Bankruptcy Court, case number 15-29555-E-13C. (*Id.* at 5.) Appellant's bankruptcy petition triggered the protections of 11 U.S.C. § 362(a), which provides for an automatic stay of any action that would affect possession of the Property. On May 17, 2016, Appellee filed a Motion for *In Rem* Relief from the Automatic Stay. (ECF No 19-1 at 23–45.) On July 3, 2016, the bankruptcy court granted Appellee's Motion for Relief from the Automatic Stay regarding the Property pursuant to 11 U.S.C. § 362(d)(1) and § 362(d)(4) (respectively, "§ 362(d)(1)" and "§ 362(d)(4)"). (ECF No. 19-1 at 74–75.) On July 15, 2016, Appellant moved to vacate the court's order granting relief from the automatic stay (*id.* at 77–87), which the court denied on September 20, 2016 (*id.* at 110–113). Appellant thereafter filed her notice of appeal and elected to have her appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel. (*Id.* at 113.)

On September 23, 2016, the present appeal was filed in this Court. (ECF No. 1.) On May 25, 2017, after receiving several time extensions, Appellant filed her opening brief. (ECF No. 19.) On June 26, 2017, Appellee filed its brief with the Court. (ECF No. 21.) On July 11, 2017, Appellant replied. (ECF No. 22.) On August 28, 2017, the Court took the appeal under submission. (ECF No. 26.) On November 3, 2017, the bankruptcy court dismissed Appellant's Chapter 13 case. (ECF No. 27-1 at 27–28.) On January 22, 2019, the Property was sold at a Trustee's Sale. (ECF No. 27-1 at 30.) On April 16, 2019, Appellee filed a Motion to Dismiss Appeal as Moot, which is presently before the Court. (ECF No. 27.)

## II. STANDARD OF REVIEW

The district courts have jurisdiction to hear appeals from final judgment and order in a bankruptcy proceeding under 28 U.S.C. § 158(a)(1) and (c)(1). A district court reviews the bankruptcy court's conclusions of law de novo and reviews determinations of fact for clear error. *See Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 879 (9th Cir. 2012).

## III. STANDARD OF LAW

As set forth in *Castaic Partners II, LLC v. DACA-Castaic, LLC* (*In re Castaic Partners II, LLC*), 823 F.3d 966, 969 (9th Cir. 2016), "[i]n bankruptcy, mootness comes in a variety of

flavors: constitutional, equitable, and statutory." *Clear Channel Outdoor Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008). Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III. *Id.* Equitable mootness concerns whether changes to the status quo following the order being appealed make it impractical or inequitable to "unscramble the eggs." *Id.* (quoting *Baker & Drake, Inc. v. Pub. Serv. Comm'n (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1352 (9th Cir. 1994)). Finally, statutory mootness codifies part, but not all, of the doctrine of equitable mootness. *Id.* at 35.

Article III of the Constitution limits federal court jurisdiction to the consideration of "cases" and "controversies." *See* U.S. Const. Art. III, § 2, cl. 1; *Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996). An appeal is constitutionally moot when the appellate court cannot give a successful appellant any effective relief. *In re Thorpe Insulation Co.*, 677 F.3d at 880. Accordingly, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). Also, "[i]n a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy 'with respect to issues directly involving the reorganization of the estate.'" *Castaic Partners II, LLC v. DACA-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 969 (9th Cir. 2016) (citation omitted).

**IV. ANALYSIS**

By way of the present appeal, Appellant seeks review of the bankruptcy court's order granting relief from the automatic stay as to the Property. Appellee argues that the appeal is now moot because the stay relief has expired. As noted above, relief from the automatic stay was granted in the underlying bankruptcy action under two subsections of the Bankruptcy Code: § 362(d)(1) and § 362(d)(4). Under § 362(d)(1), the court may grant relief from the automatic stay for cause, while under § 362(d)(4) the court may grant relief if it finds that the filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors. 11 U.S.C. §§ 362(d)(1) and 362(d)(4). Appellee addresses both grounds in its Motion, concluding that under

either or both, the appeal is now moot. (ECF No. 27 at 3–4.)

First, Appellee argues that because the underlying bankruptcy case has been dismissed — and Appellant did not appeal that dismissal — the final dismissal of the case vacated the automatic stay thereby mooting the current appeal as it relates to the relief granted under § 362(d)(1). (ECF No. 27 at 3.) Further, Appellee asserts the appeal is also moot under § 362(d)(1) because the Property was sold at a non-judicial foreclosure sale on January 5, 2019. (*Id.* at 4.)

As for the relief granted under § 362(d)(4), Appellee asserts the order granting relief was entered on July 3, 2016 and expired on July 4, 2018, and therefore the *in rem* relief provided by the order under § 362(d)(4) is no longer in effect, rendering the current appeal moot for that reason as well. (*Id.*) However, Appellee acknowledges that an order granting relief from stay under section 362(d)(4) may survive the dismissal of the bankruptcy in some cases.[1] (*Id.*)

In opposition, Appellant argues the appeal is not moot because she has filed a quiet title action in state court, and the outcome of this appeal may have a preclusive effect on that action. (ECF No. 29 at 4.) Appellant specifically argues her circumstances may qualify for an exception to the mootness doctrine. First, Appellant contends that there may be collateral legal consequences to her state court action if this Court does not decide the underlying motion for relief. (*Id.* at 7–8.) Second, she asserts it may be possible for this Court to fashion some kind of relief in this case since the real property was sold to a creditor who is party to the appeal, citing *In re Sun Valley Ranches, Inc.*, 823 F.2d 1373, 1374 (9th Cir. 1987) in support thereof. (*Id.*) Third, Appellant argues the Court may choose to review an otherwise moot case under the public interest exception recognized in the Nebraska Supreme Court case of *Davis v. Settle*, 266 Neb. 232 (2003). (*Id.*) Finally, Appellant argues the Court may hear the case based on the concept of

---

[1] Appellee additionally requests the Court take judicial notice of several documents attached in support of its Motion. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the following Orders from the Bankruptcy Court filed in the matter of *In re Dianne Akzam*, Case No. 15-29555 (Bankr. E.D. Cal. 2015): (1) Order on Motion for Relief from the Automatic Stay; (2) Order on Motion to Vacate; (3) Notice of Appeal; (4) Order on Motion to Dismiss Case. The Court also takes notice of the Trustee's Deed Upon Sale, No. 201900003644, recorded in the Salon County Assessor/ Recorder's Office. (ECF No. 27-1.)

4

a "self-perpetuating situation," which the Court understands to be an assertion that this case may fall under the "capable of repetition, but escaping review" exception to the mootness doctrine. (*Id.* at 10–11.)

In reply,[2] Appellee first contends Appellant's assertion of a hypothetical preclusive effect in her state quiet title action is insufficient to invoke the collateral legal consequences doctrine. (ECF No. 34 at 2.) Second, Appellee argues *In re Sun Valley Ranches, Inc.*, 823 F.2d at 1374, does not apply since the Ninth Circuit has limited this rule to cases in which there is a statutory right of redemption. *See Onouli-Kona Land Co. v. Estate of Richards*, 846 F.2d 1170, 1173 (9th Cir 1988) ("The exception is available when real property is sold to a creditor who is a party to the appeal, but only when the sale is subject to statutory rights of redemption."). Appellee further contends that no right of redemption exists after a non-judicial foreclosure sale, and even if the rule did apply, the appeal would still be moot as the relief from stay period has already expired by operation of law. (ECF No. 34 at 3.) Third, Appellee notes that the Ninth Circuit does not recognize the public interest exception. *See Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n.*, 100 F.3d at 1460. Finally, Appellee contends that the "capable of repetition, but escaping review" exception only applies when the challenged action is (1) too short in duration to be fully litigated, and (2) there is a reasonable expectation that the same party would be subject to the same action again. *Id*. at 1459. Appellee argues since Appellant had three years from the filing of the appeal until the foreclosure to seek a stay pending appeal and failed to do so, and since she did not show any indication that Appellee would foreclose on her again, this exception does not apply. (ECF No. 34 at 3.)

The Court cannot fashion any effective relief for Appellant when the stay relief has expired under both grounds upon which it was granted. Appellant's bankruptcy case was dismissed on November 3, 2017, and she did not appeal the dismissal. Under Federal Rule of Bankruptcy Procedure 8002(a)(1), the order of dismissal became final 14 days later on November 17, 2017. At that time, the bankruptcy court no longer had jurisdiction to order a stay. *See In re*

---

[2] The Court considers Appellee's Reply despite its untimely filing. (ECF No. 34.)

*Castaic Partners II, LLC*, 823 F.3d at 969.  Therefore, this appeal is moot with respect to Section 362(d)(1).

As Appellee acknowledges, however, the bankruptcy court also granted relief under § 362(d)(4), which "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court."  11 U.S.C. § 362(d)(4).  An order granting relief under this section may survive the dismissal of the bankruptcy in some cases.  *See In re Benzeen Inc.*, BAP No. CC-18-1097-TaLS, 2018 WL 6627275, at *4 (B.A.P. 9th Cir. Dec. 18, 2018).  Here, the order was entered on July 3, 2016 and expired on July 4, 2018.  The *in rem* relief provided by the order is no longer in effect, and the Court therefore has no power to undo an order that has already expired.  Consequently, the appeal is moot with respect to § 362(d)(4).

Furthermore, Appellant does not demonstrate that she falls under any of the mootness exceptions.  The claimed hypothetical preclusive effect on her state court action is insufficient to invoke the collateral legal consequence exception.  *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 965 (2007) (finding no exception when "harm is merely hypothetical or speculative").  Indeed, Appellant does not explain how a mooted judgment in this action would have a preclusive effect on her state court case, and the Court does not otherwise perceive any collateral legal consequences.  Next, Appellee is correct that the exception in *In re Sun Valley Ranches*, 823 F.2d 1373, does not apply unless there is a statutory right of redemption not present here.  *Onouli-Kona Land Co.*, 846 F.2d at 1173.  Additionally, the Ninth Circuit does not recognize the public interest exception to mootness.  *See Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n.*, 100 F.3d at 1460; *see also Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 937 (9th Cir. 2012) (holding considerations of public interest, standing alone, are not sufficient to overcome the limitation of the case-or-controversy requirement of Article III).  Finally, the "capable of repetition, but escaping review" exception does not apply since Appellant cannot demonstrate that she did not have an opportunity to fully litigate the underlying issues, especially since—to the Court's knowledge—the state court litigation is continuing.  Moreover, Appellant has shown no likelihood that Appellee would foreclose on her again, precluding

application of this exception. *See Id.* at 1459.

Consequently, the Court finds it cannot grant effective relief and, because none of the mootness exceptions apply, the Court GRANTS Appellee's Motion to Dismiss Appeal as Moot.

**V. CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS Appellee's Motion to Dismiss Appeal as Moot. The appeal is hereby DISMISSED and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: April 7, 2020

Troy L. Nunley
United States District Judge